UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　Plaintiff/Petitioner,<br>　　　v.<br>REUBEN ROBERT GOLDMAN, and TWO TRIANGLE CONSULTING GROUP, LLC D/B/A GOLDMAN SMALL CAP RESEARCH,<br>　　　　Defendants/Respondents. | Case No.: **23-CV-443**<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933 ENFORCING COMPLIANCE WITH A FINAL COMMISSION ORDER** |

The Plaintiff/Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), to enforce compliance by the Defendants/Respondents, Reuben Robert Goldman and Two Triangle Consulting Group, LLC d/b/a Goldman Small Cap Research ("Respondents"), with a final Commission order entered against them on June 30, 2021. This order required Respondents to pay jointly and severally, disgorgement of $39,931, prejudgment interest of $3,720.82 with additional interest pursuant to SEC Rule of Practice 600, and a civil penalty of $39,931 with additional interest pursuant to 31 U.S.C. § 3717, post-order interest, injunctive relief and to comply with certain compliance-related undertakings.

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission entered on consent, which found that Respondents violated Section 17(b) of the Securities Act.

2. Respondents have failed, refused, and neglected to comply with the Commission Order in that they have not paid any portion of the amounts imposed upon them.

3. Consequently, the Commission seeks an Order from this Court to compel Respondents to comply with the Commission order.

## PARTIES

4. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

5. Robert Rueben Goldman, age 54, is a resident of Pikesville, Maryland. Goldman is the founder, owner, and sole employee of Goldman Small Cap Research ("GSCR").

6. Goldman Small Cap Research is a Maryland limited liability company with a principal place of business in Baltimore, Maryland.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act.

8. Venue lies in the District of Maryland under Section 22(a) of the Securities Act. Respondents are "found" or are "inhabitants" of this District.

## STATEMENT OF RELEVANT FACTS

9. GSCR's business primarily consists of producing promotional material about microcap issuers and distributing stocks, as well as non-sponsored blog posts and research about the stock market in general. Goldman is the founder, owner, sole "analyst," and employee of GSCR.

10. Between April 28, 2016, and March 2, 2021, Goldman used GSCR's Twitter account (@GoldmanSmallCap) to publish twenty-nine sponsored promotional tweets and retweets that that failed to disclose that GSCR had been compensated by the issuers to promote the securities. .

11. As a result of the conduct described above and in detail in the Commission's Order (a copy of which is attached to the Declaration of Michael Roessner filed contemporaneously herewith), Respondents violated Section 17(b) of the Securities Act.

12. As set forth in the Commission order, entered with Respondents' consent, the Commission ordered Respondents to pay, jointly and severally, disgorgement of $39,931, prejudgment interest of $3,720.82, and a civil penalty of $39,931, injunctive relief and to comply with certain compliance-related undertakings.

13. The injunctive relief granted was the following: ordering Respondents to cease and desist from committing or causing any violations and any future violations of Section 17(b) of the Securities Act.

14. Respondents did not seek review of the Commission order, and their time to do so has expired.

15. Respondents have not made any payment towards the Commission order, which remains due and owning with additional interest.

## ARGUMENT

16. The Commission brings this proceeding under Section 20(c) of the Securities Act. This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

17. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

18. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec.

4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007). The issuance of an order to show cause will provide for prompt service of this Application upon Respondents, set a schedule for the submission of opposition and reply papers, and set a date, time, and place for a hearing on this Application.

19. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

20. On the Commission's instant application, the Respondents are entitled only to a summary proceeding. Section 20(c) and Section 21(e)'s use of the term "application" provides for summary proceedings — not full-fledged civil actions — when the Commission seeks enforcement of its orders. *See, e.g., SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. March 7, 2003); *McCarthy*, 322 F.3d at 659; *Vindman*, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007).

21. As the Ninth Circuit has explained:

> 'Applications' are distinct from 'actions.' …An 'application' is merely a 'motion.' …Had Congress intended to require the Commission to bring a full-blown civil action under the Federal Rules in order to enforce its orders, Congress would have made this explicit by requiring the Commission to file an 'action' in district court, rather than an 'application.'

*McCarthy*, 322 F.3d at 656–57 (internal citations omitted); *see also SEC v. Sprecher*, 594 F.2d 317, 319–20 (2d Cir. 1979) (holding that Section 22(b) of the Securities Act — which permits courts to order enforcement of Commission subpoenas at the Commission's "application" — authorizes summary proceedings).

22.     These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

23.     Summary proceedings like the instant one "may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'" *McCarthy*, 322 F.3d at 655 (quoting *New Hampshire Fire Ins. Co. v. Scanlon,* 362 U.S. 404, 406–07 (1960)).

24.     This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondents to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring: Respondents to pay, jointly and severally, disgorgement of $39,931, prejudgment interest of $3,720.82 with additional interest pursuant to SEC Rule of Practice 600, and a civil penalty of $39,931 with additional interest pursuant to 31 U.S.C. § 3717, post-judgment interest, injunctive relief, and to comply with certain compliance-related undertakings set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 - 3308.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated:  January 6, 2023

          Respectfully submitted,

          s/MICHAEL J. ROESSNER
          MICHAEL J. ROESSNER
          Assistant Chief Litigation Counsel
          Division of Enforcement
          United States Securities and Exchange Commission
          100 F Street, NE
          Mail Stop 5631
          Washington, DC 20549-0022
          RoessnerM@SEC.gov
          Telephone:    202.551.4347
          Facsimile:     703.813.9366
          Attorney for Plaintiff/Judgment Creditor
          United States Securities and Exchange Commission